IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TORIN SMITH                                                                                       PLAINTIFF

v.                                        Case No. 4:21-cv-4035

RAJAN PATEL and BHAVIN
INVESTMENTS, INC.                                                                         DEFENDANTS

## ORDER

Before the Court is Plaintiff Torin Smith's Motion for Default Judgment. ECF No. 10. Defendants have not responded, and the time to do so has passed. *See* Local Rule 7.2. The Court finds that no hearing is necessary and that the matter is ripe for consideration.

## BACKGROUND

On April 21, 2021, Plaintiff filed his Complaint against Defendants. ECF No. 2. Plaintiff brings claims against Defendants for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. §11-4-201, *et seq*. ("AMWA"). Plaintiff alleges that he was deprived of owed wages and overtime during his work while employed at a Super 8 Motel in Texarkana, Arkansas, that is owned and operated by Defendant Bhavin Investments, Inc. ("Bhavin"). ECF No. 2 at p. 2-6. Plaintiff further alleges that the Defendants operated as a single entity relevant to this matter because of the unified operational control and management Defendant Rajan Patel ("Patel") exerts over Defendant Bhavin as principal, director, and officer. ECF No. 10, p. 2. Plaintiff brings his claims for relief individually and as a collective action under Section 16(b) of FLSA, with the collective defined as all employees who lived on the premises of the motel in three years preceding the filing of Plaintiff's complaint. ECF No. 2 at p. 6-7. However, Plaintiff never moved to certify a collective in this

matter prior to filing the instant motion. Accordingly, the Court will only consider the individual aspect of Plaintiff's complaint.

On May 3, 2021, Plaintiff served his complaint and summons on Defendants. ECF No. 7. On June 9, 2021, Plaintiff moved for an entry of default against Defendants. ECF No. 8. The Clerk of Court subsequently entered default against Defendants, who to date have not answered or otherwise responded to the complaint. ECF No. 9. On August 11, 2021, Plaintiff filed the instant motion for default judgment. ECF No. 10.

## DISCUSSION

A district court may enter a default judgment when a party fails to appropriately respond in a timely manner. *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997). If the court determines that a defendant is in default, the court shall take as true factual allegations of the complaint, except those relating to the amount of damages. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). However, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). There must be some theory of individual liability to support claims against a corporate officer for actions of a corporation. *See Marshall v. Baggett*, 616 F.3d 849, 854-55 (8th Cir. 2010).

The unchallenged facts of this case are that Plaintiff was employed at the Super 8 Motel for two separate periods: (1) from around June 19, 2020, until January 7, 2021, and; (2) from February 17, 2021, until March 26, 2021. Plaintiff was not paid an hourly wage during his employment and the entirety of his compensation was in the form of the rent discount/room credit. Pursuant to 29 C.F.R. § 778.208, these credits and discounts should have been totaled in with Plaintiff's earnings to determine the regular rate on which his overtime pay must be based. At all

times relevant to this matter, Plaintiff was required to work approximately ten (10) hours or more per day and was required to be "on call" twenty-four (24) hours per day.  Plaintiff seeks a sum certain of $42,000, which is totaled from $21,000 for unpaid minimum wages and overtime wages and $21,000 for liquidated damages under AMWA and FLSA.  ECF No. 10, p. 3-4.  The unpaid wage and overtime damages are calculated from the approximately fifty-five (55) hours Plaintiff worked per week and the minimum wage during the separate time periods stipulated in the complaint.  ECF No. 10, p. 3; ECF No. 10-1, p. 2-3.

After reading the pleadings and declarations in this matter, the Court finds that Plaintiff has alleged sufficient facts to support a legitimate cause of action against Defendant Bhavin for a violation of FLSA and AMWA.  However, the Court finds that Plaintiff has not alleged sufficient facts to support a legitimate cause of action against Defendant Patel.  Plaintiff has offered no theory of individual liability against Defendant Patel other than a vague assertion that he and Defendant Bhavin are indistinguishable entities.  There are no factual allegations in Plaintiff's complaint or the instant motion supporting this assertion.  The only factual connection Plaintiff offered to connect Defendant Patel to any violation of FLSA or AMWA is that he is an officer of Defendant Bhavin.  The Court cannot find individual liability and subsequently grant default judgment against a corporate officer without Plaintiff offering some theory of individual liability necessary to ignore the protection of the corporate shield.  *See Marshall*, 616 F.3d at 854-55.  Accordingly, Plaintiff's motion for default judgment against Defendant Patel must fail for not alleging facts sufficient to support a legitimate cause of action.  *See Murray*, 595 F.3d at 871.

The Court will now turn to the issue of damages against Defendant Bhavin.  After determining that a default judgment should be entered, the Court must determine the amount and character of the recovery.  Fed. R. Civ. P. 55(b)(2)(B).  A default judgment may be entered on a

sum certain upon the plaintiff's request, with an affidavit showing the amount due. Fed. R. Civ. P. 55(b)(1). Plaintiff asks that the Court enter default judgment on a sum certain. These amounts are all ascertainable from Plaintiffs' evidence, so an evidentiary hearing on damages is not necessary. *Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988).

Plaintiff seeks a sum certain of $42,000, which is totaled from $21,000 for unpaid minimum wages and overtime wages and $21,000 for liquidated damages under AMWA and FLSA. ECF No. 10, p. 3-4. The unpaid wage and overtime damages of $21,000 are calculated from the approximately fifty-five (55) hours Plaintiff worked per week and the minimum wage during the separate time periods stipulated in the complaint. ECF No. 10, p. 3; ECF No. 10-1, p. 2-3. The liquidated damages of $21,000 are calculated pursuant to FLSA and AMWA to match the amount of unpaid minimum wages and unpaid overtime wages. *See* 28 U.S.C § 216(d); Ark. Code Ann. § 11-4-218(a)(1). The Court is satisfied that Plaintiff's declaration specifically calculating damages (ECF No. 10-1) establishes his requested sum certain of $42,000. The Court will award that amount. As Plaintiff has indicated he will move for reasonable attorney's fees and costs after judgment is entered, the Court will not consider costs and fees at this time.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment (ECF No. 10) is hereby **GRANTED IN PART** and **DENIED IN PART**. Judgment is hereby entered in favor of Plaintiff Torin Smith against Defendant Bhavin Investments, Inc. Judgment against Defendant Rajan Patel is denied.

**IT IS SO ORDERED**, this 15th day of November, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge