IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TORIN SMITH                                                                                    PLAINTIFF

v.                                          Case No. 4:21-cv-4035

RAJAN PATEL and BHAVIN
INVESTMENTS, INC.                                                                              DEFENDANTS

**<u>ORDER</u>**

Before the Court is Plaintiff Torin's Smith's Motion for Attorney's Fees. ECF No. 33. Plaintiff previously stipulated to dismissal of his case with prejudice. ECF No. 22. The Court acknowledged Plaintiff's stipulation and dismissed his claims with prejudice. ECF No. 24. In response to Plaintiff's attempt to reopen this matter, then-counsel to Plaintiff stated that scheduled payments to Plaintiff were being made in accordance with a settlement agreement that contained reductions based upon contingency fees. ECF No. 25.

In the instant motion, Plaintiff seems to be dissatisfied with his share of the proceeds of the settlement agreement reached between Plaintiff and Defendants. Plaintiff seeks to have the Court order payment of the difference between the damages he sought in his complaint and the amount he received through the settlement agreement. Plaintiff asserts that he is no longer represented by his prior counsel and proceeds *pro se*.

The Court finds that the instant motion must be denied. The Court dismissed this matter with prejudice nearly nine months prior to this instant motion. Per that order, the parties had thirty-days to submit the terms of any settlement with the Court. No party did so. Further, the Court stated that it could reopen this matter if any party asserted that the terms of such a settlement were not being fulfilled. Plaintiff is not alleging that the settlement agreement, whatever its terms, is

not being fulfilled.  Instead, Plaintiff is expressing dissatisfaction with the settlement itself.  That is not an issue that justifies reopening this matter.  The parties entered into a settlement agreement, and it is not the Court's role to second guess the terms reached by the parties.  Accordingly, Plaintiff's Motion for Attorney's Fees (ECF No. 33) is hereby **DENIED**.

    **IT IS SO ORDERED**, this 10th day of January, 2024.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            Chief United States District Judge